Electronically Filed - St Louis County - March 21, 2022 - 12:00 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **GILES COBBINS, individually, and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**UNIFUND CCR PARTNERS**,<br>  Serve at: 10625 Techwoods Circle<br>           Cincinnati, OH 45242<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Cause No.<br>)<br>)  Division No.<br>)<br>)<br>)<br>)<br>) |

**PETITION**

COMES NOW, Giles Cobbins, individually, and on behalf of all others similarly situated, by and through his undersigned counsel, and for his Petition against Unifund CCR Partners, states:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Giles Cobbins ("Cobbins") is an individual who resides in St. Louis County, Missouri. Cobbins brings this case on behalf of himself and all others similarly situated.

2. Defendant Unifund CCR Partners ("Unifund" or "Defendant") is an Ohio general partnership with its principal place of business in Cincinnati, Ohio.

3. The general partners of Unifund, Credit Card Receivables Fund and ZB Limited Partnership, registered "Unifund CCR Partners" as a fictitious name with the Ohio and Missouri Secretaries of State. The registration in Ohio is active. The registration in Missouri is expired.

4. This Court may exercise personal jurisdiction over Unifund because the conduct at issue was directed toward Plaintiff in Missouri and because the economic consequences were felt by Plaintiff in Missouri, satisfying Missouri's long-arm statute, Section 506.500.

1

**EXHIBIT A**

5. Defendant consciously chose to conduct business with residents of Missouri, including Plaintiff.

6. Defendant purposefully avails itself of the privilege of conducting activities within the State of Missouri, including but not limited to filing hundreds of lawsuits in Missouri courts.

7. Defendant has sufficient minimum contacts with Missouri such that asserting personal jurisdiction over Defendant comports with due process.

8. Venue is appropriate pursuant to Section 508.010 because Defendant's tortious and unfair business practices were directed at Plaintiff in St. Louis County, Missouri, and Plaintiff was first injured in St. Louis County, Missouri.

## FACTS

9. On September 18, 2007, in the Circuit Court of St. Louis County, Missouri, case number 2107AC-012029, Miller & Steeno, a law firm, acting on behalf of Unifund, obtained a default judgment against Plaintiff in the amount of $4,690.78.

10. Unifund authorized its attorneys to obtain the judgment on its behalf.

11. The judgment relates to a credit card debt Plaintiff allegedly incurred for personal and household purposes.

12. The judgment did not concern unpaid rent.

13. On or about October 10, 2007, Defendant, acting through its agent and attorney Miller & Steeno, requested a transcript of judgment, which was duly entered as St. Louis County Circuit Court case number 2107AC-13029-01.

14. Unifund authorized its attorneys to request a transcript of judgment on its behalf.

EXHIBIT A

15. Over ten years passed and Defendant never obtained a payment on the record or filed a motion to revive the judgment in case number 2107AC-012029.

16. As of September 19, 2017, the judgment in case number 2107AC-012029 was deemed paid and satisfied by operation of law.

17. Instead of moving to revive the underlying judgment, on September 6, 2017, Defendant, through its agent and attorney Miller & Steeno, filed a motion to revive the judgment lien, only, in 2107AC-13029-01.

18. Unifund authorized its attorneys to seek to revive the judgment.

19. Even assuming Defendant, through its counsel, had filed a motion to revive the judgment in case number 2107AC-012029 (it did not), and further assuming Defendant had filed such a motion within ten years of the entry of the judgment (it did not), Defendant was obligated to serve Plaintiff with the motion for revival by personal service.

20. Under Missouri law, "[e]very judgment . . . shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof" unless it "has been revived upon *personal service* duly had upon the defendant." Mo. Rev. Stat. § 516.350 (emphasis added).

21. Notwithstanding this fact, on February 2, 2018, Defendant, through its attorneys, Miller & Steeno, requested an Order for Publication to serve Plaintiff by publication.

22. Unifund authorized its attorneys to request an Order for Publication to serve Plaintiff by publication.

23. On February 7, 2018, the Circuit Court of St. Louis County improperly entered the Order for Publication given that a motion to revive a judgment, other than a judgment for unpaid rent, must be served by personal service.

EXHIBIT A

24. Defendant, through its attorneys, Miller & Steeno published the Notice four times, each for a one-week period, in *The Countian – St. Louis County*.

25. Unifund authorized its attorneys to publish the notice in *The Countian – St. Louis County*.

26. The hearing date for the revival of judgment was set for May 30, 2018, however, Defendant neglected to take any action on that published date.

*27.* On June 5, 2018, the trial court issued a notice that the case would be dismissed for failure to prosecute, on June 29, 2018.

28. The case was not dismissed on June 29, 2018, and Defendant, through its attorneys, filed an Affidavit of Publication on July 3, 2018.

29. On July 11, 2018, the trial court again issued a notice that the case would be dismissed for failure to prosecute on August 17, 2018.

30. On August 17, 2018, Defendant submitted a "Civil Order/Memo" continuing the case to August 27, 2018 for a "revival docket."

31. On August 27, 2018, Defendant's attorneys appeared at the "revival docket," and based on service by publication regarding a revival hearing on May 30, 2018, the trial court entered its Order and Judgment of Revival of Judgment on August 27, 2018.

32. Unifund authorized its attorneys to obtain the Revival of Judgment.

33. On October 29, 2020, Defendant, through its attorneys, requested and served a garnishment on Plaintiff's account at Bank of America, which resulted in a payout of $19,829.21.

34. Unifund authorized its attorneys to request and issue a garnishment on Plaintiff's bank account and to collect said proceeds.

**EXHIBIT A**

35. Given that Defendant did not move to revive the judgment in case number 2107AC-13029 and otherwise failed to serve its motion for revival by personal service, Defendant lacked the legal authority to execute upon Plaintiff's personal bank account.

36. Plaintiff, on behalf of himself and all others similarly situated, challenges and seeks the set aside of any entry of an order of publication for any judgment other than for unpaid rent.

37. Plaintiff, on behalf of himself and all others similarly situated, challenges and seeks the set aside of any court order reviving a judgment other than for unpaid rent where the motion for was served by publication.

38. Based on a review of Missouri court records, it is Defendant's routine practice to serve motions for revival of judgments by publication and then issue wage garnishments and bank executions in collection lawsuits that do not concern unpaid rent.

39. This action is properly maintainable as a class action pursuant to Missouri Supreme Court Rule 52.08 of the Missouri Supreme Court Rules. Plaintiff seeks to represent the following classes:

   a. The "Out-of-Pocket Loss class": All persons who are currently Missouri citizen against whom: (1) Defendant filed a motion to revive a judgment entered in a Missouri court that did not concern unpaid rent; (2) the motion for revival was served by publication; (3) Defendant filed a garnishment or bank execution after the motion for revival was granted within the five years before the date this suit is filed; and, (4) monies were withheld from the person's wages or bank account and/or the person incurred attorney's fees in response to the garnishment or execution.

EXHIBIT A

Electronically Filed - St Louis County - March 21, 2022 - 12:00 PM

    b.    The "Declaratory Relief class": All persons who are currently Missouri citizen against whom: (1) Defendant filed a motion to revive a Missouri state court judgment that did not concern unpaid rent; (2) the motion for revival was served by publication; and, (3) the Court granted the motion for revival.

40.    The members of the classes are so numerous that joinder is impracticable.

41.    Upon information and belief, Defendant has engaged in the improper collection tactic and tortious conduct described above with more than forty but likely less than 100 Missouri consumers.

42.    Plaintiff is a member of the classes he seeks to represent.

43.    There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the putative class members.

44.    Plaintiff will assure the adequate representation of all members of the class and has no conflict with the putative class members in the maintenance of this action.

45.    Plaintiff's interests in this action are typical of the interests of the putative class members and Plaintiff's interests are antagonistic to the interests of Defendant.

46.    Plaintiff has no interest or relationship with Defendant that would prevent him from litigating this matter fully.

47.    Plaintiff will vigorously pursue the class claims throughout the course of this action. Plaintiff has retained counsel who are well-versed in consumer class action litigation.

48.    The class action mechanism provides a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and fact and involve the same methods of collection by Defendant.

**EXHIBIT A**

Electronically Filed - St Louis County - March 21, 2022 - 12:00 PM

49. Most, if not all, of the facts needed to determine liability and damages are obtainable from publicly-available court records.

50. The purposes of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law will be best effectuated by litigating this case as a class action.

51. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

52. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

53. Many, if not all, class members are unaware that claims exist against Defendant; there will be no unusual difficulty in managing this case as a class action.

54. Common questions of law and fact predominate over all individual questions of the out-of-pocket loss class. The common questions, include, but are not limited to, whether: (1) Defendant filed a motion to revive a judgment entered in a Missouri court that did not concern unpaid rent; (2) the motion for revival was served by publication; (3) Defendant filed a garnishment or bank execution within the past five years after a motion for revival was granted; (4) monies were withheld from the person's wages or bank account and/or the person incurred attorney's fees in response to the garnishment or execution; and, (5) whether, by doing so, Defendant violated Missouri law.

55. Common questions of law and fact predominate over all individual questions of the Declaratory Relief class. The common questions, include, but are not limited to, whether: (1) Defendant filed a motion to revive a Missouri state court judgment that did not concern unpaid rent; (2) the motion for revival was served by publication; (3) the Court granted the motion for

EXHIBIT A

revival; and, (4) whether, by doing so, the consumer is entitled to a set aside of that judgment of revival.

56. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover for Defendant's misconduct.

57. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declaratory relief appropriate for the class as a whole.

58. Plaintiff and Plaintiff's counsel will adequately and vigorously litigate this case.

59. Plaintiff and Plaintiff's counsel will fairly and adequately represent and protect the interests of the class.

60. All class members have been damaged in precisely the same fashion, by precisely the same conduct.

61. The loss suffered by individual class members is calculable and ascertainable.

62. Plaintiff reserves the right to modify the class definition as circumstances dictate.

**COUNT I: VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT**

63. Plaintiff incorporates all prior paragraphs as if fully stated in this Count.

64. Plaintiff brings this Count individually, and on behalf of all others similarly situated.

65. Plaintiff is a "person" as defined by the MMPA, RSMo. § 407.010(5).

66. Defendant is a "person" as defined by the MMPA, RSMo. § 407.010(5).

67. Plaintiff's use of the credit card at issue in case number 2107AC-012029 and the putative class members' underlying transactions and Defendant's collection efforts for the

EXHIBIT A

corresponding judgments occurred in connection with a "sale" as defined by § 407.010(6) and § 407.020.

68. The "sales" were primarily for personal, family, or household purposes.

69. In an attempt to obtain payments, Defendant used deception, false pretenses, false promises, misrepresentation, factual omissions and unfair business practices when it garnished funds from Plaintiff and the putative class members before effecting valid service in violation of the MMPA and its corresponding regulations.

70. The garnishment resulted in an ascertainable loss, i.e., the improper garnishment of Plaintiff's and the putative class members' monies.

71. In addition, Plaintiff was forced to incur attorney's fees in case number 2107AC-13029-01 (the collection action) and appeal number ED109524.

72. Plaintiff and the putative class members are entitled to the recovery of actual damages pursuant to the MMPA and its corresponding regulations.

73. Plaintiff and the putative class members are entitled to declaratory and/or injunctive relief preventing Defendant from continuing to request and collect on garnishments in cases in which it did not follow the revival procedure by obtaining personal service.

WHEREFORE Plaintiff Giles Cobbins, individually, and on behalf of all others similarly situated, requests that the Court enter judgment against Defendant Unifund CCR Partners, in excess of $25,000.00 and grant the following relief:

a. enter an order pursuant to Missouri Supreme Court Rule 52.08(a) and (b)(3) and/or (b)(2) certifying this action as a class action, and appointing Giles Cobbins as class representative;

Electronically Filed - St Louis County - March 21, 2022 - 12:00 PM

EXHIBIT A

Electronically Filed - St Louis County - March 21, 2022 - 12:00 PM

b.  enter an order appointing Christopher E. Roberts and David T. Butsch of Butsch Roberts & Associates LLC and Bryan Brody and Alexander Cornwell of Brody & Cornwell as class counsel;

c.  enter judgment in favor of Giles Cobbins and the class for actual damages under the Missouri Merchandising Practices Act including the court costs incurred in bringing this action;

d.  award Giles Cobbins and the class all declaratory and injunctive relief that this Court deems just and proper;

e.  award Giles Cobbins and the class all expenses incurred in the litigation and require Defendant to pay the costs and expenses of class notice and administration; and,

f.  award Giles Cobbins and the class all applicable pre-judgment and post-judgment interest, taxable court costs and any other relief that this Court deems just and proper.

## COUNT II: WRONGFUL GARNISHMENT

74. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if fully stated in this Count.

75. Plaintiff brings this Count individually, and on behalf of all others similarly situated.

76. Defendant abused and/or misused Missouri Rule 90 and/or Chapter 525 of the Missouri Revised Statutes pertaining to garnishments and bank executions by garnishing wages and executing on bank accounts without first obtaining personal jurisdiction to engage in such conduct.

**EXHIBIT A**

77. Defendant intentionally caused a garnishment to be served upon Plaintiff and the putative class members without possessing the legally authority to enforce the judgment against Plaintiff and the putative class members.

78. Defendant knew or had reason to know it had not yet obtained personal jurisdiction to execute on the judgments at issue in this case.

79. Defendant's unauthorized garnishment has resulted in money from Plaintiff's personal bank account being seized.

80. Plaintiff's and the putative class members wages and/or monies in their bank accounts are their property.

81. Defendant intended to cause injury to Plaintiff and the putative class members by garnishing their funds and applying those funds to pay a judgment that Defendant did not have the legally authority to enforce against Plaintiff and the putative class members.

82. Plaintiff and the putative class members were damaged as a proximate result of Defendant's conduct.

WHEREFORE Plaintiff Giles Cobbins, individually, and on behalf of all others similarly situated, requests that the Court enter judgment against Defendant Unifund CCR Partners, in excess of $25,000.00 and grant the following relief:

    a.    enter an order pursuant to Missouri Supreme Court Rule 52.08(a) and (b)(3) and/or (b)(2) certifying this action as a class action, and appointing Giles Cobbins as class representative;

    b.    enter an order appointing Christopher E. Roberts and David T. Butsch of Butsch Roberts & Associates LLC and Bryan Brody and Alexander Cornwell of Brody & Cornwell as class counsel;

**EXHIBIT A**

c. enter judgment in favor of Giles Cobbins and the class for all damages sustained and costs incurred in bringing this action;

d. award Giles Cobbins and the class all expenses incurred in the litigation and require Defendant to pay the costs and expenses of class notice and administration; and,

e. award Giles Cobbins and the class all applicable pre-judgment and post-judgment interest, taxable court costs and any other relief that this Court deems just and proper.

**COUNT III: CONVERSION**

83. Plaintiff re-alleges and incorporates all of the above paragraphs.

84. Plaintiff brings this Count individually, and on behalf of all others similarly situated.

85. Defendant converted an identifiable fund - Plaintiff's bank account funds - in Defendant's possession for a specific purpose, namely satisfying a debt that Defendant did not possess legal authority to collect and which has since ceased to exist as a result of the underlying judgment being deemed paid and satisfied.

86. Defendant seized Plaintiff's money from Plaintiff's personal checking account and seized monies through garnishments from the putative class members.

87. Plaintiff and the putative class members had the sole exclusive interest in their monies and were the owners of said monies

88. Defendant took possession of Plaintiff and the putative class members' monies with the intent to exercise control of said monies.

**EXHIBIT A**

89. As a result of Defendant's misconduct, Defendant deprived Plaintiff and the putative class members of the right to possession of their monies.

90. Due to the Defendant's failure to serve the motion for revival by personal service, Defendant had no right to the money it took from Plaintiff and the putative class members.

91. Defendant's conversion has caused Plaintiff and the putative class members to suffer damage, including loss of monies and attorney's fees in responding to the improper seizure of their funds.

92. Defendant's actions were deliberately deceptive and predatory. Defendant acted with reckless indifference towards Plaintiff's and the putative class members' rights when it continued to withhold their monies despite possessing actual knowledge that it failed to serve the motion for revival by personal service.

WHEREFORE Plaintiff Giles Cobbins, individually, and on behalf of all others similarly situated, requests that the Court enter judgment against Defendant Unifund CCR Partners, in excess of $25,000.00 and grant the following relief:

a. enter an order pursuant to Missouri Supreme Court Rule 52.08(a) and (b)(3) and/or (b)(2) certifying this action as a class action, and appointing Giles Cobbins as class representative;

b. enter an order appointing Christopher E. Roberts and David T. Butsch of Butsch Roberts & Associates LLC and Bryan Brody and Alexander Cornwell of Brody & Cornwell as class counsel;

c. enter judgment in favor of Giles Cobbins and the class for all actual damages sustained and costs incurred in bringing this action;

EXHIBIT A

    d.     award Giles Cobbins and the class all expenses incurred in the litigation and require Defendant to pay the costs and expenses of class notice and administration; and,

    e.     award Giles Cobbins and the class all applicable pre-judgment and post-judgment interest, taxable court costs and any other relief that this Court deems just and proper.

### COUNT IV – MONEY HAD AND RECEIVED

93.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if fully stated in this Count.

94.    Plaintiff brings this Count individually, and on behalf of all others similarly situated.

95.    Defendant has received and obtained monies to which it was not entitled pursuant to under Missouri.

96.    Defendant appreciated a benefit by receiving and obtaining said monies from Plaintiff and the putative class members.

97.    It is inequitable for Defendant accept and retain the monies from Plaintiff and the putative class members that Defendant did not have the legal authority to assess or collect which in equity and good conscience ought to be paid back to Plaintiff and the putative class members.

98.    Implied in contract, Plaintiff and the putative class members are entitled to a full return of the monies collected from them by Defendant.

99.    Defendant's actions were deliberately deceptive and predatory. Defendant acted with reckless indifference towards Plaintiff's rights when it continued to withhold Plaintiff's and

Electronically Filed - St Louis County - March 21, 2022 - 12:00 PM

**EXHIBIT A**

the putative class members' monies despite possessing actual knowledge that it failed to serve the motion for revival by personal service.

WHEREFORE Plaintiff Giles Cobbins, individually, and on behalf of all others similarly situated, requests that the Court enter judgment against Defendant Unifund CCR Partners, in excess of $25,000.00 and grant the following relief:

    a.    enter an order pursuant to Missouri Supreme Court Rule 52.08(a) and (b)(3) and/or (b)(2) certifying this action as a class action, and appointing Giles Cobbins as class representative;

    b.    enter an order appointing Christopher E. Roberts and David T. Butsch of Butsch Roberts & Associates LLC and Bryan Brody and Alexander Cornwell of Brody & Cornwell as class counsel;

    c.    enter judgment in favor of Giles Cobbins and the class for all actual damages sustained and costs incurred in bringing this action;

    d.    award Giles Cobbins and the class all expenses incurred in the litigation and require Defendant to pay the costs and expenses of class notice and administration; and,

    e.    award Giles Cobbins and the class all applicable pre-judgment and post-judgment interest, taxable court costs and any other relief that this Court deems just and proper.

### COUNT V – UNJUST ENRICHMENT

100.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if fully stated in this Count.

**EXHIBIT A**

101. Plaintiff brings this Count individually, and on behalf of all others similarly situated.

102. When Defendant unlawfully seized the funds from Plaintiff's and the putative class members, Plaintiff and the putative class members conferred a benefit on Defendant in the amount of the seized funds.

103. Defendant appreciated the benefit conferred by Plaintiff and the putative class members, as demonstrated by the fact that Defendant retained the funds for its own use.

104. Plaintiff and the putative class members have the legal right to a full refund of the monies Defendant illegally seized.

105. Defendant is not entitled to retain any monies it seized from Plaintiff and the putative class members.

106. Defendant deprived Plaintiff and the putative class members of possession and use of their monies.

107. Defendant has intentionally interfered with Plaintiff's and the putative class members' monies by exercising unlawful dominion and control over said monies.

108. Defendant's continued retention of the benefit of Plaintiff's and the putative class members monies, including the pre-judgment interest accruing from the date of the improper seizure, is inequitable and constitutes an unjust enrichment.

109. As a direct and proximate result of the conduct of Defendant, Plaintiff and the putative class members have suffered and continues to suffer injury.

    a. enter an order pursuant to Missouri Supreme Court Rule 52.08(a) and (b)(3) and/or (b)(2) certifying this action as a class action, and appointing Giles Cobbins as class representative;

**EXHIBIT A**

  b.  enter an order appointing Christopher E. Roberts and David T. Butsch of Butsch Roberts & Associates LLC and Bryan Brody and Alexander Cornwell of Brody & Cornwell as class counsel;

  c.  enter judgment in favor of Giles Cobbins and the class for all actual damages sustained and costs incurred in bringing this action;

  d.  award Giles Cobbins and the class all expenses incurred in the litigation and require Defendant to pay the costs and expenses of class notice and administration; and,

  e.  award Giles Cobbins and the class all applicable pre-judgment and post-judgment interest, taxable court costs and any other relief that this Court deems just and proper.

## COUNT VI
## DECLARATORY JUDGMENT

110. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if fully stated in this Count.

111. Plaintiff brings this Count individually, and on behalf of all others similarly situated.

112. Plaintiff and the putative class members seek relief pursuant to Mo. Rev. Stat. § 527.010, which grants the circuit courts of this state power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.

113. Furthermore, Missouri Supreme Court Rule 74.06 recognizes an "independent action" to seek relief from a Missouri court judgment or order.

**EXHIBIT A**

114. Defendant failed to serve its Motion for Revival on Plaintiff and the putative class members by personal service.

115. As a result, the trial courts were without jurisdiction and lacked the legal authority to enter any judgment or order reviving the judgments against Plaintiff and the class members following the improper service by publication.

116. A justiciable controversy exists between Plaintiff and the putative class members and Defendant as to whether Defendant is entitled to continue to collect or attempt to collect on revived judgments in which service of the revival papers did not comply with applicable law.

117. Plaintiff and the putative class members have a legally protectable interest at stake: namely, protection of their monies from improper garnishment.

118. The issues presented in this case are appropriate and ripe for adjudication as Defendant continues to collect or attempt to collect on the judgments at issue in this case despite knowing it has not obtained proper service on Plaintiff and the putative class members. Defendant has denied Plaintiff and the putative class members efforts to stop Defendant's collection efforts.

119. Defendant has repeatedly engaged in its improper collection practices and Plaintiff and the putative class members are left with no adequate remedy at law.

120. A declaratory judgment is therefore necessary and proper to set forth and determine the rights, obligations and liabilities that exist between Plaintiff and the putative class members and Defendant.

WHEREFORE Plaintiff Giles Cobbins, individually, and on behalf of all others similarly situated, requests that the Court declare that all Missouri state court judgments and orders reviving a judgment not involving unpaid rent that Defendant Unifund CCR Partners obtained on

**EXHIBIT A**

behalf of any creditor after serving the motion by publication be set aside and/or declared void as a matter of law, and grant the following further relief:

    a.    enter an order pursuant to Missouri Supreme Court Rule 52.08(a) and (b)(2) certifying this action as a class action, and appointing Giles Cobbins as class representative;

    b.    enter an order appointing Christopher E. Roberts and David T. Butsch of Butsch Roberts & Associates LLC and Bryan Brody and Alexander Cornwell of Brody & Cornwell as class counsel;

    c.    enter judgment in favor of Giles Cobbins and the class declaring that any motion to revive a judgment served by publication that has been granted by a Missouri court be deemed denied and any monies obtained by Defendant subsequent to the order/judgment of revival be returned;

    d.    enter judgment in favor of Giles Cobbins and the class for all damages sustained and costs incurred in bringing this action;

    e.    award Giles Cobbins and the class all expenses incurred in the litigation and require Defendant to pay the costs and expenses of class notice and administration; and,

    f.    award all other relief that this Court deems just and proper.

**EXHIBIT A**

Respectfully submitted,

**BRODY & CORNWELL**

/s/ Bryan E. Brody
Bryan E. Brody, #57580
Alexander J. Cornwell, #64793
7730 Carondelet Avenue, Suite 135
Saint Louis, MO 63105
Phone: 314-932-1068 / Fax: 314-228-0338
bbrody@brodyandcornwell.com
acornwell@brodyandcornwell.com

**BUTSCH ROBERTS & ASSOCIATES LLC**

/s/ Christopher E. Roberts
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
Phone: (314) 863-5700/Fax: 863-5711
butsch@butschroberts.com
roberts@butschroberts.com

*Attorneys for Giles Cobbins*

**EXHIBIT A**